UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEFFREY SCOTT RIDENOUR, *on
behalf of himself and others
similarly situated,*

          Plaintiff,

v.

                                 Civil No. 2:15cv41

MULTI-COLOR CORPORATION,

and

STERLING INFOSYSTEMS, INC.,

          Defendants.

## MEMORANDUM ORDER

This matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant Sterling Infosystems, Inc. ("Sterling"). ECF No. 21. Sterling's motion asserts that the civil complaint, filed by Jeffery Scott Ridenour ("Ridenour" or "Plaintiff"), fails to state a claim against Sterling for a violation of the Fair Credit Reporting Act ("FCRA"). As set forth below, the pending motion to dismiss is **GRANTED in part**, and **DENIED in part**.

Plaintiff's complaint asserts that, in December of 2012, Ridenour applied for full-time employment with defendant Multi-Color Corporation ("MCC"). Compl. ¶¶ 31-32, ECF No. 1. As part of the application process, Plaintiff was required to

undergo a background check. <u>Id.</u> Sterling, a consumer reporting agency ("CRA"), was hired by MCC to produce a background report on Ridenour, to include his criminal record. <u>Id.</u> ¶ 32. Sterling provided such report to MCC; however, Ridenour asserts that Sterling misclassified a prior conviction for a <u>traffic</u> offense as a <u>criminal</u> offense. <u>Id.</u> ¶¶ 36, 42. Plaintiff further alleges that Sterling's report was both incomplete and misleading to the point of inaccuracy, as it was "impossible to determine the date, nature, disposition or other information about the so-called crime - which was, in fact, a misdemeanor traffic offense." <u>Id.</u> ¶¶ 11, 55.

MCC ultimately refused to hire Ridenour as a result of the background report provided by Sterling. <u>Id.</u> ¶ 48. Ridenour thereafter filed the instant action asserting that Sterling and MCC committed violations of the FCRA associated with both the creation of the background report and the failure to timely notify Ridenour of the reliance on such information. Sterling subsequently filed the instant motion to dismiss.

Neither party's briefing calls into question the well-established 12(b)(6) standard of review, which permits dismissal of a complaint, or a claim within a complaint, based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss must be read in conjunction with Rule 8(a), which requires only "a

short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (omission in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While Twombly held that a complaint must include enough facts for a claim to be "plausible on its face" and thereby "raise a right to relief above the speculative level," district courts are required to assume that all well-pled factual allegations "are true (even if doubtful in fact)."  Id. at 555, 570 (internal citations omitted).  District courts must also "'draw all reasonable inferences in favor of the plaintiff,'" taking care to avoid any invitation to resolve factual disputes at the pleading stage.  Kensington Volunteer Fire Dep't v. Montgomery County, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks and citation omitted).  Applying the above, the ultimate determination as to whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

## A. Counts One and Two – 15 U.S.C. § 1681b(b)(3)

Sterling seeks dismissal of Counts One and Two of the complaint on the ground that Plaintiff failed to allege that Sterling, as a CRA that created Ridenour's background report,

also "use[d]" such report to take an "adverse [employment] action" against Ridenour. 15 U.S.C. § 1681b(b)(3). After conducting a case-specific analysis, the Court finds that Plaintiff has stated a plausible claim against Sterling in Counts One and Two.

First, the Court rejects Sterling's contention that dismissal is warranted because the allegations in the complaint are factually inaccurate. This Court is required to analyze the pending motion without resolving factual disputes, and the Court is thus prohibited from granting Sterling's motion based on the Court's "'disbelief of [the] complaint's factual allegations.'" Iqbal, 556 U.S. at 696 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Although Sterling's 12(b)(6) briefing strongly contests the accuracy of Ridenour's claim that Sterling played an active role in MCC's employment decisions, Sterling's facts must play no part in the decisional process at this stage of the case.[1]

---

[1] The parties dispute whether an exhibit provided by Sterling in support of its motion to dismiss (a purported copy of Ridenour's background report) is properly before the Court at this time. ECF No. 22-1. Sterling asserts that such exhibit may be considered at the 12(b)(6) stage because it is integral to Ridenour's complaint and is a true and accurate copy of the background report. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Ridenour, however, asserts that such document is not authentic. The Court makes no finding on this issue at this time because portions of the exhibit benefit both sides, and it thus has no material impact on the 12(b)(6) analysis (the document contains language suggesting that Sterling could have played a role in evaluating Ridenour as an employment candidate and a warning/disclaimer suggesting that it did not).

Second, the Court rejects Sterling's motion to the extent it seeks dismissal because Ridenour bases some of his allegations on "information and belief." A plaintiff is generally permitted to plead facts based on "information and belief" if such plaintiff is in a position of uncertainty because the necessary evidence is controlled by the defendant. See Raub v. Bowen, 960 F. Supp. 2d 602, 615 (E.D. Va. 2013) (noting that although "information and belief" pleadings are "tenuous at best," such practice is permitted under Rule 8(a) when relying "on second-hand information to make a good-faith allegation of fact"); Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) ("The Twombly plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant") (internal quotation marks and citation omitted); 2-8 Moore's Federal Practice § 8.04[4] (3d ed.) ("Nothing in the Twombly plausibility standard prevents a plaintiff from pleading on information and belief."). A plaintiff is also permitted to plead claims in the alternative, and claims may be pled without regard to consistency. Fed. R. Civ. P. 8(d); see C. Wright & A. Miller, 5 Federal Practice and Procedure Civil § 1285 (3d ed.) (explaining that the Federal Rules permit a plaintiff to allege alternative factual allegations, but indicating that a plaintiff

should do so only if "after a reasonable inquiry, the pleader legitimately is in doubt about the factual background . . . or is otherwise justified in pleading in this fashion" (emphasis added)). Critically, a district court must take care at the 12(b)(6) stage to avoid conflating the question of whether the asserted facts state a plausible claim with the question of whether such facts are accurate and/or pled in good-faith.[2]

Here, viewing the well-pled factual matters in Plaintiff's favor, Ridenour asserts that Sterling produced a background report containing incomplete and/or inaccurate information and that <u>either</u> MCC, Sterling, or both, <u>used such report</u> to reject Ridenour's employment application. While other allegations in the complaint plainly suggest that MCC is the party that actually "use[d]" Sterling's report to take an "adverse action" against Ridenour, Plaintiff's "information and belief" allegations against Sterling are not prohibited because the current record suggests that the details of the relationship

---

[2] To the extent Sterling is of the viewpoint that the complaint includes facts that are not only false, but were advanced in bad faith, a 12(b)(6) motion is not the correct procedural vehicle to pursue relief. This Court does not, here or otherwise, seek to encourage litigants to pursue sanctions, nor does it look favorably on personal attacks on opposing counsel. Rather, whenever appropriate, the Court promotes civility across the aisle, often referring counsel to the Virginia State Bar's "Principles of Professionalism." http://www.vsb.org/pro-guidelines/index.php/principles/. The Court's comments herein are thus only intended to highlight the fact that a 12(b)(6) motion tests for <u>factual sufficiency</u>, not <u>factual accuracy</u> nor a party's or counsel's <u>subjective knowledge</u> regarding factual accuracy.

between Sterling and MCC are known only to defendants. Although Ridenour's allegations would undoubtedly be more compelling if the complaint detailed the evidence supporting the claimed "belief" that Sterling took an active role in the employment decision process, "the facts on which the pleader's belief is founded" are not required to be alleged in a complaint governed by Rule 8(a), as requiring such factual detail appears to be "inconsistent with the philosophy of the federal pleading rules." Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1224.[3]

Accordingly, drawing on this Court's "judicial experience and common sense," Iqbal, 556 U.S. at 679, and considering the factual allegations located throughout the complaint, the Court finds that Counts One and Two survive Sterling's 12(b)(6) motion even though the allegations against Sterling are strongly contested. Subsumed within such finding, the Court rejects Sterling's separate contention that, under any set of facts, Sterling cannot have "use[d]" the report to take an adverse employment action because Sterling is the CRA that created such report. See Goode v. LexisNexis Risk & Info. Analytics Grp., Inc., 848 F. Supp. 2d 532, 542 (E.D. Pa. 2012) (finding that a CRA could qualify as a "person" that uses a consumer report to

---

[3] Deciding only the 12(b)(6) motion pending before it, the Court presumes at this time that Ridenour had a good faith basis to assert the alternative factual allegation that Sterling applied MCC's "hiring criteria" to "code and adjudicate" Plaintiff as ineligible for employment. Compl. ¶¶ 26, 34.

take an adverse employment action as contemplated by § 1681b(b)(3)); <u>Henderson v. Infomart Inc.</u>, No. 1:14cv1609, slip op. at 19-30 (N.D. Ga. Aug. 15, 2014) (R&R subsequently adopted without change by the district judge reaching the same conclusion); <u>see also</u> <u>Kingery v. Quicken Loans, Inc.</u>, -- F. App'x --, No. 14-1661, 2015 WL 7003756, at *5 (4th Cir. Nov. 12, 2015) (defining "uses," as set forth in another FCRA provision, as meaning "to employ or to derive service from"). Sterling's motion to dismiss Counts One and Two is therefore denied.

### B. Count Three - 15 U.S.C. § 1681k(a)

Sterling seeks dismissal of Count Three on the ground that the complaint does not state a plausible claim that Sterling failed to "maintain strict procedures designed to insure that" the criminal record information it reports is "complete and up to date." 15 U.S.C. § 1681k(a)(2). Pursuant to § 1681k(a), when a CRA furnishes a consumer report for employment purposes containing public record information "likely to have an adverse effect upon a consumer's ability to obtain employment," the CRA must <u>either</u> notify the consumer at the time the information is reported <u>or</u> maintain the "strict procedures" referenced above. 15 U.S.C. § 1681k(a)(1), (2).[4]

---

[4] Here, it appears undisputed that Ridenour's complaint includes sufficient facts to plausibly allege that, under Ridenour's version of events, Sterling did not send the § 1681k(a)(1) "notice."

Having reviewed the parties' detailed arguments and the facts set forth in the complaint, the Court finds that Ridenour has sufficiently alleged that Sterling failed to maintain "strict procedures" to obtain complete and up to date public record information. Specifically, the complaint makes the following allegations, in the form of both general allegations and allegations specific to Ridenour's report: (1) Sterling obtains criminal record information from a "third party consumer reporting agency" and does not itself review any courthouse records, Compl. ¶ 90; (2) "Sterling did not itself or by its own court researchers or vendors attempt to verify the completeness or current status of public records . . . within 30 days before it furnishes and resells these records in one of its reports," Compl. ¶ 92; (3) Sterling does not obtain <u>complete</u> public records prior to furnishing background reports created for employment purposes, Compl. ¶ 57; (4) the report prepared by Sterling on Ridenour included an illegible public record, Compl. ¶¶ 38, 50; and (5) the report on Ridenour was incomplete and inaccurate in the reporting of his prior conviction. Compl. ¶¶ 10-11, 55; <u>see</u> <u>Dalton v. Capital Associated Indus., Inc.</u>, 257 F.3d 409, 417 (4th Cir. 2001) (reversing the district court's grant of summary judgment in favor of the defendant as to a § 1681k(a) claim in a case where it was alleged that the CRA's "subvendors" were compiling criminal background information

without direction from the CRA as to which sources were sufficiently trustworthy to rely on); Moore v. First Advantage Enter. Screening Corp., No. 1:12cv792, 2012 WL 4461505, at *2-3 (N.D. Ohio Sept. 25, 2012) (finding that the plaintiff alleged sufficient facts to state a § 1681k(a) claim based on general allegations that the "public records data compiled by Defendants is not updated regularly, and that the accuracy and completeness of the data it obtains from various sources is not confirmed" prior to being used, and specific allegations that the plaintiff lodged a dispute about the accuracy of his report and it was not timely investigated).[5] Sterling's motion to dismiss Count Three is therefore denied.

## C. Counts Five and Six - 15 U.S.C. § 1681e(b)

Counts Five and Six allege a violation of § 1681e(b), which indicates that, when preparing consumer reports, CRAs "shall

---

[5] As discussed in footnote 1, this Court's 12(b)(6) ruling would not change if the disputed exhibit provided by Sterling is considered. Notably, if such exhibit is considered at the 12(b)(6) stage it must be interpreted in Ridenour's favor, and thus, it would only serve to bolster Ridenour's allegations because the report can reasonably be interpreted as stating that Ridenour received three conflicting jail sentences for the same offense (3 days, 7 days, 2 years). ECF No. 22-1, at 4. While a CRA's compliance with § 1681k(a)(2) appears to turn on its procedures in place, not whether a single report happens to contain an error, the internal conflict in Ridenour's report provides circumstantial evidence bolstering his allegation that Sterling maintained a system without sufficient procedures to insure that only "complete and up to date" criminal information is reported. See Haley v. TalentWise, Inc., 9 F. Supp. 3d 1188, 1194 (W.D. Wash. 2014) (finding that a § 1681k(a) "strict procedures" claim survived the CRA's 12(b)(6) motion in a case where the plaintiff alleged that the background report contained conflicting information about a prior crime, including showing that the "same charge had two different dispositions").

follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The Fourth Circuit has held that a claim asserting a § 1681e(b) violation requires the plaintiff to prove: "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." Dalton, 257 F.3d at 415. Analyzed below in reverse order, the Court finds that Ridenour has failed to allege sufficient facts to state a plausible claim against Sterling in Count Five, but has alleged sufficient facts to state a plausible claim in Count Six.[6]

### 1. Count Six – Individual § 1681e(b) Claim

Invoking the first prong of the test outlined in Dalton, Sterling asserts that Count Six fails to allege that Ridenour's background report contained inaccurate information. However, for the reasons discussed above with respect to Ridenour's

---

[6] Counts One through Three each present a joint claim on behalf of Ridenour and a putative class based on an alleged violation of a different subsection of the FCRA. In contrast, Counts Five and Six each assert a claim against Sterling under the same FCRA subsection, with Count Five asserting a class claim and Count Six asserting an individual claim on behalf of Ridenour. The Court does not at this time resolve any questions regarding class representation, but it does separately analyze the sufficiency of the allegations in Counts Five and Six based on the manner in which Plaintiff has separately drafted such Counts. Cf. Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1268 (4th Cir. 1981) (explaining that it is "seldom, if ever, possible to resolve class representation questions from the pleadings").

§ 1681k(a) claim, the Court finds that Ridenour sufficiently asserts inaccuracies in his background report, contending that such report improperly classified a prior traffic offense as a criminal offense because Sterling relied on an incomplete "summary" from the reporting jurisdiction, not the actual public record, which led to the creation of an incomplete and misleading background report from which it was "impossible to determine the . . . nature, disposition or other information about the so-called crime." Compl. ¶¶ 10-11, 111; see Dalton, 257 F.3d at 415 (defining a report to be "inaccurate" under § 1681e(b) "when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse [ ]' effect." (quoting Sepulvado v. CSC Credit Servs., 158 F.3d 890, 895 (5th Cir. 1998)) (alterations in original)).[7]

   As to the second prong of the test outlined in Dalton, while the "reasonable procedures to assure maximum possible accuracy" standard set forth in § 1681e(b) is different from the "strict procedures" standard set forth in § 1681k(a), in this

---

[7] As above, to the extent that Sterling's disputed exhibit is properly before the Court, such exhibit only bolsters Ridenour's assertion that his background report was inaccurate as it contains an internal conflict regarding the disposition of Ridenour's prior offense that can reasonably be interpreted as being "patently incorrect." Dalton, 257 F.3d at 415; see Haley, 9 F. Supp. 3d at 1194 (finding that a § 1681e(b) claim survived the CRA's 12(b)(6) motion as the plaintiff identified "specific parts of the report that are incorrect, inconsistent, or misleading," including the fact that the "same charge had two different dispositions").

case, the analysis at the 12(b)(6) stage is similar under either subsection because Ridenour pled sufficient facts to plausibly allege that Sterling failed to satisfy either standard.[8] Specifically, Ridenour asserts that Sterling included criminal record information in his report derived from incomplete and inaccurate "summaries" from reporting jurisdictions without Sterling, or its vendors, first verifying that such information was complete and up to date. See Dalton, 257 F.3d at 417 (reversing the district court's grant of summary judgment as to claims under both § 1681k(a) (strict procedures) and § 1681e(b) (reasonable procedures) based on evidence calling into question the sources relied on by the CRA's vendors); Moore, 2012 WL 4461505, at *2-3 (finding that the plaintiff alleged sufficient facts to state claims under both § 1681k(a) and § 1681e(b) based on allegations that the CRA did not rely on updated data nor have procedures to verify the accuracy or completeness of the information used to create the plaintiff's report). Ridenour's complaint therefore includes sufficient facts, taken as true, to plausibly state a § 1681k(a) claim. Sterling's motion to dismiss Count Six is therefore denied.

---

[8] Although § 1681e(b) identifies the burden on a CRA as one of "reasonableness," consideration of the entire statutory clause reveals that the required procedures must be reasonable to "assure maximum possible accuracy," 15 U.S.C. § 1681e(b) (emphasis added). Unsurprisingly, the Fourth Circuit has noted that such requirement is a "'very high standard.'" Dalton, 257 F.3d at 416 (quoting Andrews v. TRW Inc., 225 F.3d 1063, 1068 (9th Cir. 2000), rev'd on other grounds, 534 U.S. 19 (2001)).

## 2. Count Five – Class § 1681e(b) claim

Count Five, like Count Six, purports to advance a § 1681e(b) claim against Sterling. However, unlike the individual claim asserted by Ridenour in Count Six, which points to errors in Ridenour's report, Count Five is limited to alleging Sterling's widespread failure to use reasonable procedures to insure maximum accuracy – nowhere does it allege that Sterling actually produced inaccurate reports for anyone other than Ridenour. Moreover, the complaint defines the § 1681e(b) class as including individuals who were the subject of a Sterling background report that includes at least one record of a criminal or traffic conviction, but it makes no mention of such reports actually containing inaccuracies. Compl. ¶ 67. As both parties recognize in their briefs, a § 1681e(b) claim ultimately requires proof that the report(s) at issue was inaccurate. Dalton, 257 F.3d at 415. Accordingly, the Court finds that Plaintiff's identification of a single inaccurate report is insufficient to raise the right to relief asserted in the class claim above the speculative level. Sterling's motion is therefore granted as to Count Five.[9]

---

[9] While Ridenour himself is a member of the purported class, because Ridenour has already stated an individual claim in Count Six under the same statutory subsection, permitting Count Five to continue only as to Ridenour would be needlessly duplicative. The Court, however, considers the factual allegations in ¶¶ 103–107 of the complaint to be properly before the Court in support of Ridenour's individual claim set forth in Count Six.

### D.  Allegations of "Willful" FCRA Violations

In addition to its count by count challenges, Sterling alternatively moves to dismiss the portion of each count that asserts a "willful" FCRA violation.   To prove willfulness under the FCRA the plaintiff need not show "malice or evil motive," but must instead demonstrate "that the defendant 'knowingly and intentionally committed an act in conscious disregard for the rights' of the consumer."   Dalton, 257 F.3d at 418 (quoting Pinner v. Schmidt, 805 F.2d 1258, 1263 (5th Cir. 1986))).

The Court agrees with Sterling that the complaint does not include facts directly asserting that Sterling committed willful FCRA violations (other than conclusory statements), and the Court will not consider the more detailed factual assertions in Ridenour's brief in opposition to dismissal when determining the adequacy of the complaint.   That said, the Court finds that there is sufficient circumstantial evidence pled in the complaint, viewed in Ridenour's favor, to plausibly allege willful FCRA violations as to the allegations in Counts Three and Six.   As detailed herein, the complaint alleges Sterling's widespread failure (across the class) to maintain reasonable procedures or strict procedures regarding the collection of complete, reliable, and updated criminal record information. Even more compelling are the allegations supporting the inference that Sterling knew that the criminal record

15

information it provided in its background reports (including Ridenour's) was not obtained from complete and updated court records, yet Sterling falsely claimed on the face of its reports that such information was being reproduced <u>exactly</u> as it was received from local jurisdictions.  At this early stage in the case, these allegations are sufficient regarding willfulness as to Counts Three and Six.

In contrast, as to Counts One and Two, there are insufficient allegations in the complaint to plausibly support Plaintiff's conclusory claim that Sterling <u>willfully</u> violated § 1681b(b)(3).  As argued by Sterling, in light of the lack of a clear statutory directive in § 1681b(b)(3), or elsewhere, regarding whether a CRA can be deemed to "use" a background report that <u>it creates</u> in order to take an "adverse [employment] action" on behalf of another entity, as well as the lack of appellate case law or clear guidance from the Federal Trade Commission ("FTC"), the Court finds that the complaint fails to include facts sufficient to plausibly allege that Sterling willfully violated § 1681b(b)(3).  <u>See Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 69 (2007) (explaining that although a willful FCRA violation can be supported by "recklessness," after considering the relevant statutory subsection, appellate case law, and FTC Guidance, "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a

16

violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless"). Even in Goode, the out-of-circuit district court case that appears to have first recognized that a CRA that uses a background report it had created in order to "adjudicat[e] plaintiffs as noncompetitive" for employment could be deemed to have taken an "adverse [employment] action" within § 1681b(b)(3), the district court granted the defendant's motion to dismiss the allegation that the CRA willfully violated § 1681b(b)(3). Goode, 848 F. Supp. 2d at 543-44. Notably, Sterling's challenged actions occurred in 2012, the same year that Goode was decided, and Ridenour's complaint fails to allege that the state of the law was different in the months following Goode such that Sterling's alleged failure to follow the procedures outlined in § 1681b(b)(3) was reckless. To the contrary, the nuanced statutory analysis that is conducted in the cases concluding that, on the right facts, a CRA could conceivably violate § 1681b(b)(3), itself demonstrates the reasonableness of the two conflicting interpretations of § 1681b(b)(3). See Goode, 848 F. Supp. 2d at 542-43; Henderson, No. 1:14cv1609, slip op. at 19-30. Accordingly, Defendant's motion to dismiss is granted in part as to Counts One and Two, to the extent such counts advance the unsupported and conclusory

17

assertion that Sterling willfully violated § 1681b(b)(3).   As above, such dismissal is without prejudice.

### E. Summary

For the reasons set forth above, the Court **GRANTS in part, and DENIES in part,** Sterling's motion to dismiss.  ECF No. 21. Sterling's motion is **DENIED** in all respects with the exception of the following: (1) Count Five is dismissed in full; and (2) the portions of Counts One and Two that purport to assert that Sterling <u>willfully</u> violated § 1681b(b)(3) are dismissed.   Such dismissals are **<u>without prejudice</u>** to Plaintiff's right to file a formal motion seeking leave to file an amended complaint.[10]   If Plaintiff elects to file such a motion, it shall be filed no later than **December 14, 2015,** and should be accompanied by a supporting brief, which includes as an exhibit Plaintiff's

---

[10]  The Federal Rules of Civil Procedure provide that district courts should allow amendment "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A district court "should only deny leave to amend a pleading 'when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'"  <u>Norfolk & Portsmouth Belt Line R. Co. v. M/V MARLIN</u>, No. 2:08cv134, 2009 WL 1974298, at *1 (E.D. Va. Apr. 3, 2009) (quoting <u>Laber v. Harvey</u>, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)).  An amendment is considered futile if "the amended complaint could not survive a Rule 12(b)(6) motion by the party opposing the amendment."  <u>Id.</u> at *2 (citing <u>United States ex rel. Wilson v. Kellogg Brown & Root, Inc.</u>, 525 F.3d 370, 376 (4th Cir. 2008)).  Here, Plaintiff's <u>brief</u> in opposition to dismissal requests leave to amend the complaint in the event that the Court grants Sterling's 12(b)(6) motion, ECF No. 32, but Plaintiff has not submitted a <u>motion</u> requesting leave to amend.  Plaintiff has also not submitted a copy of a proposed amended complaint, thus inhibiting Sterling's ability to test the merits of Plaintiff's informal request for leave to amend.

proposed amended complaint. If Plaintiff elects not to pursue amendment within the time-period set forth herein, the partial dismissals without prejudice shall become dismissals with prejudice, and Sterling shall have until **December 31, 2015,** to file a responsive pleading.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ ~~Mark S. Davis~~

_____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 30, 2015