**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

JEFFREY SCOTT RIDENOUR and
AMIN HALEM, Individually
and on behalf of all others similarly situated,

    Plaintiffs,

        v.

MULTI-COLOR CORPORATION and
STERLING INFOSYSTEMS, INC.,

    Defendants.

Civ. Act. No. 2:15-cv-41
(MSD/DEM)

Honorable Mark S. Davis

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiffs oppose the Defendant's Motion for Protective Order. The Stipulated 'umbrella' order entered in this matter is temporary in nature, providing for the provisional designation of documents by a producing party as confidential. If a party challenges the confidential designation, the Protective Order provides that any party seeking to retain its confidential designations must file a motion. The law requires Sterling to demonstrate a specific and defined injury that would result from disclosure of confidential business secrets, which it has not shown. And to do so with particularity. Sterling has done none of these things.

But before the Court gets there, it should consider the context and background of this unusual dispute. It comes during the pendency of Plaintiffs' Motion to Compel (Doc. No. 92) and after months of near 'begging' for the production of documents material to the class claims alleged in this case. And it occurs despite three then-immediate concessions by Plaintiffs: (1.) consent to entry of a blanket protective order, (2.) continuing and subsequent blanket agreement to the designation as confidential all of Sterling's pricing information, and (3.) continuing and

subsequent blanket agreement to the designation as confidential all personal identifying information (such as names, addresses, dates of birth, social security numbers, etc.).  But none of this was good enough for Defendant.  Instead, it unilaterally determined that there was a second category of information in its documents – so secret that even a federal court's protective order would not suffice.   And so it redacted whole parts of documents – presumably that it could prove so "super secret" that they required more than just the protection of the Court's Order.

Plaintiffs had a right to challenge the designation of documents that had already been stripped by redaction of their confidential information.  The full burden then returned to Defendant to prove a specific and definite harm that it would suffer upon the public use of its documents – documents already redacted and without any pricing or consumer personal identifying information. It has not done so (and it can't).

## History of the Dispute

Plaintiff's opposition to Sterling's confidential designations must be viewed against the backdrop of (1) over-designation and (2) refusal to articulate the  good  cause  for  which confidentiality  should  be  maintained.  Starting  with Defendant's very first production of documents, every single page was marked "confidential," including information that was already in the Plaintiff's possession, available from third parties, and even information that was included on the face of the complaint. On June 15, 2016, exactly five months after Plaintiffs' discovery requests had been served, Sterling finally produced its first document – 13,000 pages it claimed. It transmitted these with the overview:

> Below you will find a link to Sterling's initial document production. You will see
> that the production is a large one, consisting of over 13,000 pages, so it took quite
> a bit of time to put this together and get to you. You will also note that some
> documents have been partially redacted. Those redactions were made to exclude
> proprietary information such as the prices charged for Sterling's products that is
> not relevant to the claims at issue and to exclude private information about

consumers such as social security numbers.

The documents have been marked "confidential" pursuant to the Protective Order in place in this case.

(Doc. 97-1). As Defendant claimed, all of its documents were noted as "confidential." This is though a large number of these were from government sources (e.g., codes to interpret a court record) and even documents printed from publically available court websites (See Ex. 1, Bates nos. STERLING-RIDE-0000046–47.) A very substantial number were nearly a decade old and from Sterling's predecessor company. Others were documents containing the Plaintiff's own information—his personal background check and communications. And while the Defendant may want to avoid the public, other consumers. Governmental agencies, or the Court from learning how poorly it operates, none of the documents produced were 'trade secrets" or contain corporate financials. None contain information that some phantom rival would seek to steal.

The Court would have to 'trust' Plaintiffs on that claim. Why? Because the Defendant has not even described the documents that are subject to this motion, let alone summarized, listed, detailed or produced them for the Court's review. Sterling offers only an anemic and generalized declaration from its litigation employee-witness a "compliance" manager.

**Plaintiffs Consented to the Designation of all Documents Containing the Information Sterling's Counsel Described as Confidential**

Defendant's primary argument – repeated throughout its memorandum – is that Plaintiffs are somehow at fault because they did not adequately consider Sterling's position supporting confidentiality. But while quick, the conferral was not complicated and what more would be expected of Plaintiffs? The shift the burden to them because of Sterling's overuse of the confidential designation? Sterling stated only two basis for confidentiality – "proprietary information such as the prices charged for Sterling's products" and "private information about

consumers such as social security numbers." As to each Defendant had already unilaterally redacted this confidential information from the subject documents. No other explanation was ever made for the redactions, and no explanation was ever made for the designations generally. Further, Plaintiffs expressly agreed to the confidentiality of these categories of information, while curt, the undersigned's position was clear and correct: "The PO protects you. It is improper that you redact as well. … We do not object to your production of pricing information as confidential under the PO. Or of PII [Personal Identifying Information]." (Doc. 97-3).

Plaintiffs' position did not require document specific review or discussion – it was simple: Sterling cannot redact information from documents that are already protected under an agreed confidentiality order. If Sterling had already removed confidential information, the documents did not need the Court's protection.

### I.     STERLING HAS FAILED TO SATISFY THE RIGORS OF RULE 26(c)

**A.     The Defendant cannot demonstrate good cause to keep its documents designated confidential under the provision or blanket protective order pursuant to Fed. R. Civ. P. 26(c).**

Sterling does not once mention a rule or basis in law for its motion. Plaintiffs guess that Rule 26(c) would be such basis. Similarly, Sterling does not cite a single court decision to support its position for confidentiality designation.[1]

---

[1] The two cases Sterling does cite are not helpful or even on point to the questions in this case. They simply provide that a party may redact certain information in a produced document that cannot in any way be used to discover relevant evidence. In *Buckner v. United Parcel Serv., Inc.*, an individual *pro se* motion to compel was partially denied to permit redaction of payroll information for unrelated employees from documents provided regarding his payroll. 2011 WL 6748522, at *4 (E.D.N.C. Dec. 22, 2011), *aff'd,* 489 F. App'x 709 (4th Cir. 2012). And in *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, the Fourth Circuit simply affirmed the district court's balancing of issues permitting the withholding of certain information from proposed intervenors in that case. 56 F.3d 556, 568 n.16 (4th Cir. 1995). Neither of these decisions considered much of anything and certainly neither considered the question in those cases or this one as to when documents may be produced as confidential under Rule 26(c)(1)(G).

4

Defendant cannot offer any rule or jurisprudential based support for its position because there is none.  Documents that it has redacted of (supposedly) confidential and proprietary information cannot support Rule 26(c) protection. For example, parts of Sterling's policies and procedures that do not mention pricing or social security numbers are redacted. (See Ex. 2, Bates nos. STERLING-RIDE-0004297–4308; Ex. 3, Bates nos. STERLING-RIDE-004467–73; Ex. 4, Bates nos. STERLING-RIDE-0013216–33.) If Sterling wanted to withhold based on such reasons, redact the documents and produce them openly. Plaintiffs could (and based on their review of the redactions, would) move to compel.  But Sterling cannot have it both ways.

Should a party deem it necessary to designate certain production as confidential, the designating party must demonstrate specific good cause to keep the confidential designation if challenged. *Minter v. Wells Fargo Bank, N.A.,* No. CIV WMN-07-3442, 2010 WL 5418910, at *2 (D. Md. Dec. 23, 2010). Whether to allow the disputed documents to maintain their confidential designation is analyzed under Fed. R. Civ. P. 26(c).  Plaintiff does not agree that the confidentiality designations are proper pursuant to Fed. R. Civ. P. 26(c) because the Defendant has failed to specifically demonstrate that they are, in fact, confidential and good cause exists to protect them from any sort of disclosure. *NewMarket Corp. v. Innospec Inc.,* No. 3:10CV503, 2011 WL 2144695, at *4 (E.D. Va. May 25, 2011).

In civil cases such as this, entry of a Protective Order is within the court's broad discretion as articulated in Federal Rule of Civil Procedure 26(c)(1)(A): "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,  . . . forbidding the disclosure of discovery . . . ." *NewMarket Corp,* 2011 WL 2144695, at *4; see also *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 355 (11th Cir. 1987); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982); MCL 4th §

11.432, at 66–67 (Federal Judicial Center 2004). *Forest Prods. Northwest, Inc. v. United States*, 453 F.3d 1355, 1361 (Fed. Cir. 2006) (holding that the district court was correct to deny a motion for a protective order because the movant failed to demonstrate good cause").

**B.     Sterling has failed (and has not attempted) to demonstrate specific harm for specific documents.**

The Defendants have failed to demonstrate good cause to maintain a protective order. Fed. R. Civ. P. 26(c); *NewMarket Corp. v. Innospec Inc.,* No. 3:10CV503, 2011 WL 2144695, at *4 (E.D. Va. May 25, 2011); *accord Pansy v. Borough of Stroudsburg*, 23 F.3d 772, (3d Cir. 1994). The burden is on ***the Defendant*** in its request for continuation of a blanket or provisional protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm. *Deford v. Schmid Products Co., a Div. of Schmid Labs.*, 120 F.R.D. 648, 653 (D. Md. 1987)(citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3rd Cir.1986); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 529 F.Supp. 866, 891 (E.D.Pa.1981)). Despite Sterling's generalized declaration (Doc. 97-4), there is simply no *specific evidence* to support any of Defendants claims for protection.

A nearly identical posture and set of questions was presented to this Court (then United States Magistrate Judge Lauck. The Court's earlier rejection of a request analogous to Sterling's pending motion is helpful and thus set out in its entirety:

> Under the terms of the Protective Order entered in this matter, the designator, here the Plaintiffs, bears the burden of establishing that the confidential designation is supported by good cause. Thus, when the confidentiality of a document is challenged, the party seeking continued protection pursuant to the Protective Order must satisfy the "good cause" standard required under Federal Rule of Civil Procedure 26(c). *Minter v. Wells Fargo Bank, N.A.,* Nos. WMN–07–3442, WMN–08–1642, 2010 WL 5418910, at *1 (D.Md. Dec. 23, 2010) (stating that an umbrella protective order allows parties "to temporarily enjoy the protection of Rule 26(c) by rendering all discovery documents designated in good faith confidential until

6

challenged" by the opposing party); *Massey Coal Servs., Inc. v. Victaulic Co. of Am.,* 249 F.R.D. 477, 480 (S.D.W.Va.2008).

To show good cause, the party seeking protection from disclosure must demonstrate that " '(1) the material in question is ... confidential information within the scope of Rule 26(c), and (2) disclosure would cause identifiable harm.' " *Minter,* 2010 WL 5418910, at *8 (*quoting Deford v. Schmid Prods. Co.,* 120 F.R.D. 648, 652–53 (D.Md.1987)). Importantly, the party seeking protection must identify " '*specific* prejudice or harm that will result' " if disclosure is allowed. *Lathon v. Wal–Mart Stores East, LP,* No. 3:09cv57, 2009 WL 1810006, at *5 (E.D. Va. June 24, 2009) (*quoting Sullivan v. Dollar Tree Stores, Inc.,* No. CV–07–5020–EFS, 2008 WL 706698, at *1 (E.D.Wash. Mar. 14, 2008)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the R[ule] 26(c) test." *Minter,* 2010 WL 5418910, at *8.

Here, Plaintiffs have failed to show good cause for the confidential designation of the information at issue. First, aside from general and conclusory allegations, Plaintiffs have failed to make a specific demonstration, either in their initial briefing or in their in camera submission, that would allow this Court to find that the disputed documents contain confidential customer lists, confidential sales or marketing information, or other highly sensitive proprietary commercial or financial information. Plaintiffs have simply not made a showing that they spent years developing and cultivating these particular named contacts, that they undertook efforts to ensure that these contacts were kept secret, or that these contacts are not readily ascertainable from other sources. Plaintiffs have similarly failed to provide sufficient justification for maintaining the confidentiality of the particular hotel expenses, travel expenses, and related e-mails at issue.

Second, while Plaintiffs have made general allegations of the harm that will result from the disclosure, they have failed to allege specific facts, through affidavits or otherwise, of any clearly defined injury to its competitive position. The good cause requirement " 'contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.' " *Great Am. Ins. Co. v. Gross,* No. 3:05cv159, 2007 WL 1577503, at *12 (E.D.Va. May 30, 2007) (*quoting S.E.C. v. Dowdell,* 3:01cv116, 2002 WL 1969664, at *2 (W.D.Va. Aug. 21, 2002)). Because Plaintiffs have failed to meet their burden of establishing that their confidential designation is supported by good cause as to the documents labeled NM0900100006–28, 43–55, 59–67, 71–79, and 82–93, the Court will GRANT Defendants' Motion to Remove.

*NewMarket Corp. v. Innospec Inc.*, No. 3:10CV503, 2011 WL 2144695, at *3-4 (E.D. Va. May 25, 2011).

As the Court held, the party seeking protection must identify "*specific* prejudice or harm

7

that will result if disclosure is allowed." *Lathon v. Wal–Mart Stores East, LP,* No. 3:09cv57, 2009 WL 1810006, at *5 (E.D. Va. June 24, 2009) (*quoting Sullivan v. Dollar Tree Stores, Inc.,* No. CV–07–5020–EFS, 2008 WL 706698, at *1 (E.D.Wash. Mar. 14, 2008)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the R[ule] 26(c) test." *Minter,* 2010 WL 5418910, at *8. Public dissemination of the information itself is not good cause for protection; the Defendants must show that dissemination will result in a concrete and serious injury. *In re Alexander Grant & Co. Litig.,* 820 F.2d at 355.

Here, Defendants have failed to show good cause for the confidential designation of the information at issue. First, Defendants have failed to make a specific demonstration that would even allow for a finding that the disputed testimony or documents contain confidential consumer information, confidential sales or marketing information, or other highly sensitive proprietary commercial or financial information. Defendants have simply not made any showing that they spent any time or resources developing and cultivating this particular information, that they undertook efforts to ensure that the information was kept secret, or that this information is not otherwise readily ascertainable from other sources. Writing for the Seventh Circuit, Judge Easterbrook reasoned,

> Beyond asserting that the document must be kept confidential because we say so (the "agreement is, by its terms, confidential"), this contends only that disclosure "could ... harm Abbott's competitive position." How?    Not explained. Why is this sort of harm (whatever it may be) a legal justification for secrecy in litigation? Not explained. Why is the fact    that some other document contains *references* to a license sufficient to conceal the referring document? Not explained. If it were, then the district court's opinion, see 2002 U.S. Dist. LEXIS 5475 (N.D.Ill. Mar. 26, 2002), which includes not only references to the licenses but also extended quotations from them, would have to be blotted from the books. So all we have is ukase.

*Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 547 (7th Cir. 2002). The Defendants

here, just as in *Baxter International, Inc.*, offer absolutely no cognizable explanation, let alone evidence, that it would suffer a competitive disadvantage if its designated testimony or documents were made public.

While Defendants have made general allegations of harm that will result from the disclosure, they have failed to allege specific facts, through the Nager Declaration or otherwise, of any clearly defined injury to its competitive position. A requirement of good cause shown "'contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Great Am. Ins. Co. v. Gross,* No. 3:05cv159, 2007 WL 1577503, at *12 (E.D.Va. May 30, 2007) (*quoting S.E.C. v. Dowdell,* 3:01cv116, 2002 WL 1969664, at *2 (W.D.Va. Aug. 21, 2002)). Which competitors? Which documents? (The 2007 ones from its predecessor or the summarizes of court codes?)

Even if somehow the Defendant would be theoretically exposed to competitive harm, a Rule 26(c)(7) protective order is appropriate only if the moving party's harm is greater than other interests at stake. For the Plaintiff, and for other consumers represented by Plaintiff's counsel, catering to Defendant's desire to keep its procedures secret has a cost and burden. The protective order being sought is meant to totally disrupt the manner in which counsel and the court ordinarily litigate a case. *Pintos v. Pacific Creditor's Assoc'n,* 504 F.3d 792, 801-803 (9th Cir. 2007). As it stands, Plaintiff cannot use any designated documents in a filed pleading without the delay to permit Defendant's filing of a Motion to Seal. Further, Plaintiff's counsel represents many similar consumers. The protective order would prevent the collateral case use of such documents. The non-rule based restriction of the use of the Defendant's documents improperly interferes with Plaintiff and Plaintiff's counsel's rights to otherwise use discovery documents not only in prosecuting additional cases, but informing the public about what was learned in this case.

As one court has explained:

> Many circuits have sensibly held that where discovery materials are not protected by a valid protective order, parties may use that information in whatever manner they see fit. *See Jepson, Inc. v. Makita Elec. Works, Ltd.,*30 F.3d 854, 858 (7th Cir.1994) ("Absent a valid protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit."). It cannot logically be the case that good cause exists to prohibit the public disclosure of discovery materials because a party states an intent to disseminate those materials in accordance with the law. In other words, a party cannot lose the right to disseminate all discovery materials not protected by a protective order simply by stating an intent to exercise that very right.

*U.S. ex rel. Davis*, 753 F. Supp. 2d at 567 (E.D. Va. 2010); *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 780 (1st Cir.1988). The public absolutely has a right to know about the evidence adduced to prove the allegations in this case.

There is a presumptive right that parties may share what they learn in discovery with the public. *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 567 (E.D. Va. 2010)(reasoning that "many circuits have sensibly held that where discovery materials are not protected by a valid protective order, parties may use that information in whatever manner they see fit.); *accord Jepson, Inc., v. Makita Elec. Work, Ltd.* 30 F.3d 854, 858 (7th Cir. 1994.) In this case, Sterling really seeks to keep its documents burdened with a confidentiality label in order to prevent the hearing or use of same with consumers in other cases, with the Consumer Financial Protection Bureau or with the media. A check of either PACER or Westlaw would confirm that Sterling is easily one of (if not the most) frequently criticized and challenged background check companies. Comparable lawsuits – defended by the same defense attorneys – are pending across the country. No rational competitor would ever want to mimic Sterling's process. And countless consumers would want to access the documents and discovery responses forced in this case.

Even beyond that possibility, Defendant's unsupported designations impose a practical burden on both Plaintiffs and the Court. Even to reference specific documents for this motion,

Plaintiffs have to move for leave to file them under Seal and the Court must consider and rule upon such an inappropriate, but required request.  Here.  Now.  But later in various other motions and memoranda Plaintiffs will file on the merits.

Finally, the over-designation also impedes the ability of interested third party consumers who will shortly be members of a certified class action.   Class members will receive notice and have a right to opt themselves out of the class.  *See* Fed. R. Civ. P. 23(b)(3); *see also* Newberg on Class Actions § 13:32 (5th ed.) ("Class members, including those who become objectors, are entitled to some opportunity to review the record of the case so as to inform their views about the value of the certification motion, settlement, and/or fee request.")   Defendant's artificial confidentiality barrier bars Plaintiffs' counsel from sharing discovered information with putative or certified class members.

The designation of documents as confidential impacts judicial economy because it necessitates several filings:  a motion to file under seal, memorandum in support, notice of motion to file under seal, notice of filing under seal, filing of redacted documents for public view, filing of un-redacted documents, motions, and memos under seal that are hidden from public view. The over-designation of a consumer reporting agency's documents in discovery multiplies litigation and is wasteful. *Minter,* 2010 WL 5418910, at \*8.  As one district court observed

> Simply calling something a trade secret does not make it a trade secret. These documents are simply ordinary papers, not explanations of either Experian's arcane methods of learning about people's lives or its equally mysterious marketing strategy. Experian's interest in keeping every word of its contracts secret does not outweigh the public's presumptive right to open and public judicial proceedings.

*Dreher*, 2015 WL 5147260, at \*3. No court known to Plaintiff's FCRA counsel has found as Defendant now asks – that its internal procedure for handling consumer disputes or its procedures for determining the accuracy of its reports is protected in the manner Sterling now asks.  In

contrast, as Judge Gibney in Dreher, other courts have rejected the unsupported claims of a phantom competitor needing to review a consumer reporting agency's (CRA) internal data processing and dispute manuals.  For example, National CRA TransUnion's home court, the Northern District of Illinois, rejected claims that were better supported than at bar:

> Trans Union asserts that its Consumer Relations Division policies and procedures, including the Dispute Training Guide, are proprietary and were developed internally at significant expense over a period of many years. Trans Union argues that it would be disadvantaged if competitors gained access to **the Dispute Training Guide or had knowledge of its consumer relations systems and departments. Trans Union asserts that competitors could duplicate its business methods without incurring any expense**. …
>
> The Court is not convinced that the information contained or referenced in Paragraphs 234 through 251, including certain parts of the Dispute Training Guide, is the type of information contemplated by Rule 26(c)(7) as a trade secret or commercial information. **The statements in Paragraphs 234 trough 251 do nothing more than state certain of Trans Union's general procedures for resolving errors in credit reports and Trans Union's alleged failure to follow its protocol in the Zahrans' case**.  The Court does not see how the Zahrans' assertions in these disputed paragraphs divulge any Trans Union trade secrets, and to the extent that Paragraphs 234 through 251 refer to certain documents, the Court finds that these documents are undeserving of a protective order, as further explained below.  **In all actuality, the portions of the Dispute Training Manual included in the Zahrans' exhibits, which outline procedures for consumer relations personnel to handle consumer credit disputes, are not rocket science**.

*Zahran v. Trans Union Corp.*, No. 01 C 1700, 2002 WL 31010822, at *2-3 (N.D. Ill. Sept. 9, 2002)

(bold added).

## II.    CONCLUSION

For the foregoing reasons, the Court should deny Sterling's Motion.

Respectfully submitted,

**JEFFREY SCOTT RIDENOUR and
AMIN HALEM,** *for themselves and on behalf of
all similarly situated individuals.*


      /s/
Leonard Anthony Bennett (VSB #37523)
Susan Mary Rotkis (VSB #40693)
Craig C. Marchiando (VSB #89736)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com
Email: craig@clalegal.com

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Kelly & Crandall PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

James A. Francis, (*pro hac vice*)
Lauren K. Brennan, (*pro hac vice)*
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735.8600 (Telephone)
(215) 940.8000 (Facsimile)
jfrancis@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of July, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

Alan Brody Rashkind
Furniss Davis Rashkind & Saunders PC
6160 Kempsville Circle
PO Box 12525
Norfolk, VA 23541-0525
Email: arashkind@furnissdavis.com

Edmund M O'Toole
Venable LLP (NY-NA)
1270 Avenue of the Americas
New York, NY 10020
Email: emotoole@venable.com

Hillary Profita
Venable LLP (NY-NA)
1270 Avenue of the Americas
New York, NY 10020
Email: hsprofita@venable.com

James Arthur Cales , III
Furniss Davis Rashkind & Saunders PC
6160 Kempsville Circle, Suite 341B
PO Box 12525
Norfolk, VA 23541-0525
Email: jcales@furnissdavis.com

Joseph Michael Callow , Jr
Keating Muething & Klekamp PLL
1 East Fourth St
Suite 1400
Cincinnati, OH 45202
Email: jcallow@kmklaw.com

Kasey Lynne Bond
Keating Muething & Klekamp PLL
1 East Fourth St
Suite 1400
Cincinnati, OH 45202
Email: kbond@kmklaw.com

14

Kishka-Kamari Ford McClain
Venable LLP (Vienna)
8010 Towers Crescent Dr
Suite 300
Tysons Corner, VA 22182
Email: kmcclain@venable.com

Ahmed Jamal Davis
Fish & Richardson PC (DC)
1425 K St NW
Suite 1100
Washington, DC 20005
(202) 626-6379
Email: adavis@fr.com

John C. C. Sanders , Jr.
Fish & Richardson (TX-NA)
1717 Main Street
Suite 5000
Dallas, TX 75201
Email: jsanders@fr.com

Daniel Robert Gopenko
Fish & Richardson PC (DC)
1425 K St NW
Suite 1100
Washington, DC 20005
Email: gopenko@fr.com

Geoffrey Scott Harper
Fish & Richardson (TX-NA)
1717 Main Street
Suite 5000
Dallas, TX 75201
Email: harper@fr.com

Michael Brett Johnson
Fish & Richardson (TX-NA)
1717 Main Street
Suite 5000
Dallas, TX 75201
Email: johnson@fr.com

Steven Hall Stodghill
Fish & Richardson (TX-NA)
1717 Main Street
Suite 5000
Dallas, TX 75201
Email: stodghill@fr.com

Thomas B. Walsh , IV
Fish & Richardson (TX-NA)
1717 Main Street
Suite 5000
Dallas, TX 75201
Email: walsh@fr.com

_____/s/_____
Leonard Anthony Bennett (VSB #37523)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
*Counsel for Plaintiffs*
