UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
AUG 25 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JEFFREY SCOTT RIDENOUR,
*Individually and on behalf of
others similarly situated,*

and

AMIN HALEM,
*Individually and on behalf of
others similarly situated,*

               Plaintiffs,

v.                                          Civil No. 2:15cv41

MULTI-COLOR CORPORATION,

and

STERLING INFOSYSTEMS, INC.,

               Defendants.

### ORDER

This matter is before the Court on a consent motion seeking: (1) preliminary approval of a class action settlement; (2) conditional certification of the proposed class; (3) appointment of class counsel; (4) an order directing that notice be mailed to individual class members; and (5) the scheduling of a final fairness hearing. Such motion addresses the claims advanced by plaintiff Jeffrey Scott Ridenour ("Ridenour"), and others similarly situated, against defendant Multi-Color Corporation ("MCC"). It does not involve the claims by Ridenour, plaintiff

Amin Halem, and/or those similarly situated, against Defendant Sterling Infosystems Inc.

Upon review of the motion, memorandum in support, stipulation of settlement, and proposed notice to class members, the Court believes that the parties have made a strong showing in support of preliminary approval and the associated rulings requested in the consent motion. However, the Court has identified several issues to be addressed prior to the Court's entry of an Order granting the consent motion. Accordingly, counsel for Ridenour and counsel for MCC should confer in an effort to resolve the following issues:

> (1) § 1.6 of the Settlement Agreement (ECF No. 139-1) defines the "Class Period" as "February 15, 2010, through July 28, 2016." Several pages later, the "1681b Settlement Class" is defined in the Settlement Agreement as including individuals "who were employees of MCC or who applied for an employment position with MCC between January 29, 2013 and July 28, 2016 . . . ." Id. § 2.2. In contrast, the memorandum in support of the motion for preliminary approval (ECF No. 139) and the attached "Notice of Settlement" to be sent to class members (ECF No. 139-3) defines the 1681b Settlement Class as individuals "who were employees of MCC or who applied for an employment position with MCC between January 29, 2013 and <u>July 1</u>, 2016. In addition to ensuring that the proper dates are used to define the operative class, the Court requests that counsel provide an explanation to the Court as to the basis for selecting the operative end-date for inclusion in the class.

(2) There are what appear to be typographical errors that need to be corrected on the proposed Notice to class members. Most critically, the estimated dollar value for each class member's portion of the settlement fund appears to be properly stated on the first page of the Notice; however, a much larger dollar figure is erroneously indicated in Section 5 of the Notice. Additionally, Section 16 of the proposed Notice lists the address of the Richmond Federal Courthouse rather than the Norfolk Federal Courthouse, and also lists an operative date in calendar year 2015 rather than 2016. Such matters should be corrected through a supplemental submission.

(3) As has been the undersigned judge's practice in other class action settlement cases with an appropriately sized class, see, e.g., 2:11cv444, ECF No. 28 and ECF No. 30, at 31-35, the Court would prefer utilizing a "notice" procedure regarding class member objections, opt-outs, or notices of intent to be heard at the fairness hearing, that requires the class member to send a single notice to the Norfolk Courthouse rather than sending three notices (one to the Courthouse, one to class counsel, and one to MCC's counsel). Upon receipt of such singular notice, the Clerk would scan and file the class member's submission (under seal) and counsel would immediately receive a Notice of Electronic Filing ("NEF"). Such a procedure is effective, streamlined, reduces the burden on the class member, and avoids confusion. Cf. Committee Note to Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, available at http://www.uscourts.gov/ rules-policies/proposed-amendments-

3

published-public-comment, (indicating that proposed changes to Rule 23(e)(1) and 23(c)(2) regarding notice to class members seeks to focus attention not only on the notice but on "the method of opting out provided in the notice," and that the "proposed method" to opt out should not be "unduly difficult or cumbersome" but should be "as convenient as possible, while protecting against unauthorized opt-out notices"). If the parties agree to utilize such streamlined single-notice procedure they may amend their proposed Notice in their supplemental submission. Otherwise, counsel should explain the basis for requiring that Class members send objections, opt-outs, or notices of intent to be heard, in triplicate.

(4) The proposed Notice submitted by the parties (ECF No. 139-3) requires an "opt out" election to be postmarked by a stated date, yet in contrast, an "objection" to the settlement and/or a notice of intent to be heard at the fairness hearing must be mailed by a class member early enough so that it will be received by a stated date. For consistency, and to avoid confusion, the Court would prefer a Notice that includes uniform treatment of all class member responses, with the most objective, and least confusing, method likely being a deadline for post-marking a submission. If the parties agree on such modification they may amend their proposed notice in their supplemental submission. Otherwise, counsel should explain the justification for using the methods currently proposed.

(5) The proposed Notice to class members currently requires a class member to provide the last four digits of his or her social security number in order to object to the settlement

4

or opt out of the settlement. In light of the parties' failure to demonstrate a need for including such private personal identifier, the Court has questions as to whether it is necessary. Notably, certain individuals may wish to exercise their legal rights to object or opt out, but may not feel comfortable providing such private personal identifying information in response to <u>an unsolicited</u> "Notice" received in the mail. While it may be necessary to take steps to protect against unauthorized opt-out notices, if the parties persist in requiring the last four digits of a social security number as to all class members, the Court would like to hear from counsel as to why it is necessary in this case to require a portion of a personal identifier that certain individuals scrupulously protect. <u>Cf.</u> <u>Byard v. Verizon W. Virginia, Inc.</u>, 287 F.R.D. 365, 376 (N.D.W. Va. 2012) (noting that the "defendants' employees clearly have substantial privacy concerns associated with their social security numbers" and that defendants should not be required to provide "the last four digits of the social security numbers" to plaintiffs for the purpose of effectuating notice to an opt-in class <u>absent a demonstration of need</u>).

(6) In its current form, Section 8 of the proposed "Preliminary Approval Order" to be entered by the Court has a blank date for the "opt out" deadline. It does not appear, however, that the Court is able to fill in this blank because the operative date is sixty days after the mailing of the Notice, which is an uncertain date dependent upon two variables (the period of time it takes MCC to provide the Class List to Class Counsel and the subsequent period of time it takes the Class Administrator to assemble and mail the Notices to class members). Accordingly, the

parties may wish to amend such proposed order to include a specific date to act as the deadline for mailing an opt out notice, or alternatively, modify the proposed order such that the deadline for mailing an opt out notice is a specified number of days from the date that the Class Administrator mails the Notice.

(7) Associated with the point immediately above, it may be beneficial for counsel, around the time they are prepared to file their supplemental submissions, to jointly contact the undersigned Judge's calendar clerk and determine an agreeable date for the fairness hearing in January of 2017. Selecting a date in advance of filing any supplement may assist counsel with eliminating variables such that they can include express proposed deadlines for the submission of class member responses in their supplemental filings.

To the extent counsel, upon conferring, determine that the above suggestions/corrections are appropriate, they may file an amended Consent Motion, and supplemental Memorandum in Support, to include an updated Notice and any other updated exhibits the parties deem necessary. To the extent that counsel, upon conferring, cannot resolve such matters and/or persist in proceeding on the basis proposed in the original motion as to any of the matters discussed above, such disputes may be addressed through supplemental memoranda.

Accordingly, as to the matters set forth above, counsel for both parties are **INSTRUCTED** to confer in a timely manner. After

6

such conference, counsel should submit whatever supplemental/amended motions, briefs, or other filings they deem necessary. Such supplements shall be filed **within twenty-one (21) days of the date of this Order**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 25, 2016