UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



JEFFREY SCOTT RIDENOUR,
*Individually and on behalf of
others similarly situated,*

and

AMIN HALEM,
*Individually and on behalf of
others similarly situated,*

      Plaintiffs,
v.                   Civil No. 2:15cv41

MULTI-COLOR CORPORATION,

and

STERLING INFOSYSTEMS, INC.,

      Defendants.

## ORDER

  This matter is before the Court on a consent motion, and supplemental consent motion, seeking: (1) preliminary approval of a class action settlement; (2) conditional certification of the proposed class; (3) appointment of class counsel; (4) an order directing that notice be mailed to individual class members; and (5) the scheduling of a final fairness hearing. ECF Nos. 138, 145. Such motions address the claims advanced by plaintiff Jeffrey Scott Ridenour ("Ridenour"), and others similarly situated, against defendant Multi-Color Corporation ("MCC").

They do not involve the claims by Ridenour, plaintiff Amin Halem, and/or those similarly situated, against Defendant Sterling Infosystems, Inc.

Upon review of the revised motion, revised memorandum in support, first revised stipulation of settlement, and revised proposed notice to class members, the Court finds that the parties have demonstrated that preliminary approval is appropriate. Accordingly, a detailed order granting the proposed supplemental motion will follow entry of this Order. The Court, however, clarifies herein that while preliminary approval of the proposed class action settlement will be granted, the parties' proposed timeline of taking up to 45 days to send "Notices" to the class members, their agreement that class members will have 60 days to object and/or opt-out of the settlement, and their proposed deadline of November 28, 2016, for class members to postmark opt-out/objections, are potentially inconsistent as only seventy-four days remain between the date of this Order and the proposed post-mark deadline of November 28, 2016. Accordingly, it appears that the parties and the class administrator will either have to act expeditiously to send out Notices to class members within the next two weeks, or modify the deadline for class-member submissions. The Court will inquire into the timeline of the mailing of notices and the deadline for class member objections/opt-out notices at the final fairness hearing

2

to ensure that class members had adequate time to assert their rights. The Court highlights this matter to the parties at the outset in an effort to avoid the substantial waste of resources that could result if a second fairness hearing and second round of notices were deemed necessary based on a finding at the final fairness hearing that class members did not have a sufficient time to exercise their rights.

In light of the parties' submission of the supplemental consent motion, and the Court's determination that such supplemental motion should be granted, the original motion seeking preliminary approval of the class action settlement is **DISMISSED as MOOT**. ECF No. 138.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 15, 2016