IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JAN 13 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JEFFREY SCOTT RIDENOUR and
AMIN HALEM,
Individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.

MULTI-COLOR CORPORATION,

and

STERLING INFOSYSTEMS, INC.,

    Defendants.

Civil No. 2:15-cv-41-MSD-DEM

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSAL OF CLAIMS WITH PREJUDICE, AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

For the reasons below, Plaintiff's Motion for Attorney Fees, Costs, and Class Representative Service Award (ECF. No. 156) and Motion for Final Approval of Class Action Settlement and Dismissal of Claims With Prejudice (ECF No. 158) are hereby GRANTED.

Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved. The Settlement Agreement and any capitalized, defined terms are hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

Based upon the Stipulation of Settlement and all of the files, records, and proceedings herein, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on January 12, 2017 at 10:30 a.m., of which the Class was notified by Court-approved, mailed notice. Counsel for the Parties appeared and no other Class Members were in attendance.

Following that hearing, the Court makes the following findings and conclusions.

Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies the following Settlement Class:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a) who were employees of MCC or who applied for an employment position with MCC between January 29, 2013 and July 28, 2016 (b) as part of this application process (c) MCC procured or caused to be procured a consumer report for employment purposes (d) using a written disclosure provided to it by Sterling (e) which the Named Plaintiff alleges was not the "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" in violation of the Fair Credit Reporting Act disclosure and authorization requirements at 15 U.S.C. § 1681b(b)(2).

There are 750 individual consumers who comprise this Class.

The Court appoints the Plaintiff, Jeffrey S. Ridenour, as the Class Representative. The Court finds adequate and appoints as Class Counsel pursuant to Fed. R. Civ. P. 23(g)(1): Leonard A. Bennett, Susan M. Rotkis, and Craig C. Marchiando of Consumer Litigation Associates, P.C.; Kristi C. Kelly and Andrew Guzzo of Kelly & Crandall, PLC; and James A. Francis and David A. Searles of Francis & Mailman P.C.

Relative to the Class, the Court specifically finds:

a. The Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Class;

c. The claims of the Named Plaintiff are typical of the claims of the Class that the Named Plaintiff seeks to represent;

d. The Named Plaintiff and their Counsel will fairly and adequately protect the interests of the Class;

e. The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

2

  f.  Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

Through a Court-approved Settlement Administrator, the Parties notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached approximately 97% of the Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

The Court finds that the terms of the Settlement and the Settlement Agreement are fair, reasonable, and adequate, and in the best interest of the Settlement Class. Accordingly, the Settlement Agreement is finally approved and shall govern all issues concerning the Settlement and all rights of the Parties, including Settlement Class Members. The Court finds that the Settlement provides Class Members with genuine cash relief in exchange for a proportionate release of claims.

No Class Members have objected to the Settlement in writing, and none raised oral objections at the Fairness Hearing.

Two Class Members have timely and validly excluded themselves from the Settlement. Those individuals are listed in Exhibit A to this Order, and will not be bound by the Settlement or any of its terms.

Having considered Plaintiff's request for an agreed-upon Service Award of $5,000 for the Named Plaintiff, the Court concludes that the award is appropriate. No Class Members have objected to the request, and Defendant does not oppose it. Such awards are commonplace in class actions in this District and elsewhere, and the Court finds Plaintiff has earned it by prosecuting

this case, answering discovery, and keeping up-to-date on the case status through conferences with his Counsel. The Court orders this $5,000 payment to be made from the Settlement Fund.

Upon consideration of the request for approval of a cy pres, the Court finds that the Consumer Alliance of Virginia is an appropriate cy pres recipient. Any funds that remain in the Settlement Fund after the stale date for the second distribution of the Settlement Fund and the payment of unpaid costs shall be distributed by the Administrator to the Consumer Alliance of Virginia.

The Court likewise concludes that Plaintiff's Counsel's requested attorneys' fees and costs of $103,350.00 is reasonable and should be awarded. The award is to be separately paid from the Settlement Fund. Class Counsel's estimated lodestar accumulated in this case reflects an appropriate "cross-check" of such award. No Class Member has objected to the proposed award, and the Defendant does not oppose it. Courts in this District and across the country award amounts in common-fund class actions, and this case is no different.

Defendant has confirmed that it sent the appropriate Class Action Fairness Act ("CAFA") notices on August 10, 2016. There were no objections or comments from the government officials to whom the CAFA notice was sent.

The Court hereby retains jurisdiction over the Parties and the Class to ensure the effective administration of the Settlement.

Plaintiff's claims, and those of Class Members not listed in Exhibit A to this Order, are hereby dismissed with prejudice in accordance with the Settlement Agreement.

IT IS SO ORDERED.

/s/ MSD

Mark S. Davis
United States District Judge

Mark S. Davis
UNITED STATES DISTRICT JUDGE