```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                    Norfolk Division
```

JEFFREY SCOTT RIDENOUR,
*Individually and on behalf of
others similarly situated,*

and

AMIN HALEM,
*Individually and on behalf of
others similarly situated,*

                Plaintiffs,

v.                                             Civil No. 2:15cv41

MULTI-COLOR CORPORATION,

and

STERLING INFOSYSTEMS, INC.,

                Defendants.

## ORDER

This matter is before the Court on a consent motion, memorandum in support, proposed preliminary approval order, and supplemental proposed preliminary approval order, collectively seeking: (1) preliminary approval of a class action settlement; (2) conditional certification of two proposed classes; (3) appointment of class counsel and approval of a settlement administrator; (4) approval of the proposed "notices" to be sent to members and potential members of the two classes; and (5) the scheduling of a final fairness hearing. ECF Nos. 167, 168, 171.

Such filings address the claims advanced by plaintiffs Jeffrey Scott Ridenour ("Ridenour") and Amin Halem, and all others similarly situated, against defendant Sterling Infosystems, Inc. ("Sterling"). The filings do <u>not</u> address the claims against defendant Multi-Color Corporation, as those claims are subject to a previously-entered final class action settlement.

Upon review of the filings and revised filings, the Court finds that the parties have demonstrated that preliminary approval is appropriate in this case. Accordingly, a detailed Order granting the consent motion will follow entry of the instant Order. While such detailed Order provides conditional certification of the two classes and preliminary approval of the settlement, and further approves the "form and content" of the two proposed class notices, the Court issues the instant Order to highlight language within the proposed notices that requires revision, or at a minimum, requires the parties to consider whether a revision is necessary. The Court will inquire into the final language used in the notices at the July 19, 2017, fairness hearing to ensure that class members received notices that fairly, accurately, and clearly informed them of their rights in this case. The Court highlights these matters at the outset in an effort to ensure that the most efficient process is used for providing clear notice to the class members and potential class members. Therefore, counsel for both parties are **INSTRUCTED** to

confer on the following matters before the notices are finalized and mailed:

   (1) *Opt-In Class Notice*: The parties should consider whether the first sentence of the third paragraph should be modified. Such sentence, as it currently reads, appears to conflict with the ALL CAPS statement in the preceding paragraph. The parties may wish to begin the third paragraph with the phrase "If you elect to opt-in to this Lawsuit, your legal rights . . ." in order to avoid confusion.

   (2) *Opt-In Class Notice*: The parties should consider whether the first sentence of the fourth paragraph should be modified to better clarify the parameters of the second settlement class. Rather than referencing "individuals who disputed the criminal record" the parties may wish to clarify by stating "individuals who have previously disputed the criminal record."

   (3) *Opt-In Class Notice*: The parties should consider whether the first sentence in numbered § 1 ("**Why Did I Receive This Notice**") should begin with "You may be" rather than "You are" because it appears that not all persons receiving such notice are in fact permitted to join the opt-in settlement class.

(4) *Opt-In Class Notice*: The parties **SHALL CORRECT** the omission of the word "not" from the final sentence of the first paragraph in numbered § 1 (should read "*incomplete or not up to date*")

(5) *Automatic Class Notice*: For consistency, and to improve accuracy, the parties should consider whether the first sentence in the third paragraph of such notice should begin with "*If you live, or previously lived, in Virginia . . .*"

(6) *Both Class Notices*: The parties should consider amending the first paragraph in numbered sections § 6 and § 7, respectively, ("**What Am I Giving Up . . .**") to clarify the fact that class members are giving up their right to pursue future § 1681e(b) class actions. A possible solution may be: "However, you will not release the right to file an individual civil action (as contrasted with another class action) to pursue an individual claim for actual damages under 15 U.S.C. § 1681e(b) based on alleged inaccuracies in any consumer report that Sterling provided about you."

(7) *Both Class Notices*: The parties should consider amending the second paragraph in numbered sections § 7 and § 8, respectively, ("**Do I Have a Lawyer . . .**") to clarify the fact that Sterling may not pay the entire costs of administration (thus rendering such section consistent with the earlier statements in the "**How Much Money Will I**

4

Receive" sections). Specifically, it appears to the Court that the sentence that currently reads "The costs of this notice to you and the costs of administrating the settlement are paid by Sterling" may prove to be inaccurate depending on the total costs of administration. A possible solution may be: "The costs of this notice to you and the costs of administrating the settlement are paid by Sterling and will not reduce the settlement received by class members, unless such administration costs exceed $200,000."

(8) *Both Class Notices*: While the Court presumes that such omission merely reflects the fact that the parties were waiting for the Court to approve the Settlement Administrator prior to finalizing the notices, the parties **SHALL** include the proper name and address of the Settlement Administrator on the "Exclusion Request" form and "Opt-In" form attached to the respective notices, and in numbered § 7 of the Automatic Class Notice form.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
_____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 14, 2017

5