IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEFFREY SCOTT RIDENOUR and
AMIN HALEM,
Individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.

MULTI-COLOR CORPORATION,

and

STERLING INFOSYSTEMS, INC.,

    Defendants.

Civil No. 2:15-cv-41-MSD-DEM
JURY TRIAL DEMANDED

## PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has been advised that the Parties to this action, Jeffrey S. Ridenour and Amin Halem (the "Named Plaintiffs"), and Sterling Infosystems, Inc. ("Defendant" as defined in the Settlement Agreement), through their respective Counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Settlement Agreement (the "Settlement Agreement"). The Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. A hearing will be held on July 19, 2017, at 10:30 A.M., after notice to

36917668v.1

the proposed Settlement Class Members to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

**Settlement Classes:** Pursuant to Fed. R. Civ. P. 23(b)(3), the matter is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs (the "Settlement Classes"). Excluded from the class definitions are any employees, officers, or directors of Defendant, any attorney appearing in this Litigation, and any judge assigned to hear this Litigation, together with their immediate family members and any persons employed by him or her.

   a. **The "Automatic Payment Class"**

The "Automatic Payment Class" consists of:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (i) who were the subject of a consumer report sold by Defendant on any platform of Defendant to a third party from January 29, 2013 through October 31, 2016, (ii) whose report contained a Criminal Record, (iii) who then directly or indirectly disputed such Criminal Record contained in their consumer report with Defendant, and (iv) whose dispute resulted in an amendment to the Criminal Record of their report.

The Parties estimate there are 37,629 Automatic Payment Class Members.

   b. **The "Virginia Opt In Class"**

The "Virginia Opt In Class" consists of:

All natural persons (i) who were the subject of a consumer report sold by Defendant on any platform of Defendant except ESIQ to a third party from February 15, 2010 through October 31, 2016, (ii) who had a primary residential address in the Commonwealth of Virginia that was provided to Defendant in requesting such report, (iii) whose consumer reports contained at least one Criminal Record, (iv) who affirmatively opt in and complete a claim form certifying that their

consumer report(s) was/were incomplete or not up to date; and (v) where no notice was sent under 15 U.S.C. § 1681k(a)(1).

The Parties estimate there are 170,075 Potential Virginia Opt In Class Members.

2. **Class Representative Appointments:** Pursuant to Fed. R. Civ. P. 23, the Court preliminary appoints Jeffrey S. Ridenour and Amin Halem as the Class Representatives for the Settlement Classes.

3. **Class Counsel Appointment:** Having considered the work that Class Counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the Settlement Classes, the following attorneys are preliminarily appointed as Class Counsel under Fed. R. Civ. P 23(g)(1): Leonard A. Bennett, Susan M. Rotkis, and Craig C. Marchiando of Consumer Litigation Associates, P.C.; Kristi C. Kelly and Andrew Guzzo of Kelly & Crandall, PLC; James A. Francis and David A. Searles of Francis & Mailman, P.C.; and Scott Surovell of Surovell Isaacs Petersen & Levy, PLC.

4. **Preliminary Certification of the Classes** – The Court preliminarily finds that the Settlement Classes satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   a. The Settlement Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

   b. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

   c. The claims of the Class Representatives are typical of the claims of the Settlement Class Members;

    d.    The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

    e.    The Court finds that as to the Settlement Classes, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

    5.    **Class Action Administration:** American Legal Claims is approved as the Class Administrator (the "Settlement Administrator"). The Settlement Administrator shall oversee the administration of the settlement and the notification to proposed Settlement Class Members as directed in the Settlement Agreement and administration expenses shall be paid in accordance with the Settlement Agreement. The settlement checks shall issue from the Settlement Fund only and the Settlement Administrator will verify that the settlement checks were mailed.

    6.    **Class Notice:** The Court approves the form and content of the Class Notices attached as Exhibits B and C to the Settlement Agreement. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed Class Notices constitute the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed Class Notices concisely and clearly state, in plain, easily understood language, the nature of the action; the definition of the classes certified; the class claims, issues, and defenses; and that a class member may enter an appearance through counsel if the member so desires. Additionally, the Automatic Payment Class Notice accurately describes that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting

-4-

36917668v.1

exclusion, if applicable; and the binding effect of a class judgment on Settlement Class Members, while the Potential Virginia Opt In Class Notice accurately describes the time and manner for submission of a claim and the effect of opting in to the Settlement Agreement. The Notice Plan described herein is designed for notice to reach a significant number of Settlement Class Members and is otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(1) and satisfies due process.

7. **Exclusions from the Settlement Class:** Automatic Payment Class Members shall be given the opportunity to opt out of the Automatic Payment Class. All requests by the individuals within the Automatic Payment Class to be excluded must be in writing, mailed to the Settlement Administrator and postmarked no later than June 16, 2017. To be valid, a request for exclusion must be personally signed and must include: (i) the Automatic Payment Class Member's original signature; (ii) a current postal address; (iii) a telephone number, and (iv) a specific statement that the Class Member wants to be excluded from the Automatic Payment Class. No persons who purport to opt out of the Automatic Payment Class as a group, on an aggregate basis or as a class involving more than one Class Member, will be considered valid Opt-Outs. Requests for exclusion that do not comply with any of the foregoing requirements are invalid. An Automatic Payment Class Member who properly opts out may not also object to the Settlement Agreement.

8. **Objections:** Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any matters as described in the Class Notices, may do so by filing with the Clerk of Court a notice of their intention to object (which shall set forth each objection and the basis therefore and containing the objecting Class Member's signature), along

with any papers in support of their position. Objections must be mailed so that they are postmarked no later than June 16, 2017. The requirements for objections to Settlement Class Counsel's attorneys' fees are set forth in paragraph 10 below. Any attorney who intends to appear the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

9.  **Final Approval:** The Court shall conduct a Final Fairness Hearing on July 19, 2017, at 600 Granby Street, Norfolk, VA 23510, commencing at 10:30 A.M., to review and rule upon the following issues:

   a. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

   b. Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; and

   c. To discuss and review other issues as the Court deems appropriate. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

10. An application or applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as applications for Class Representative Service Awards, shall be made in accordance with the Settlement Agreement and shall be filed with the Court no later than fourteen (14) days before the Final Fairness Hearing. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date up to seven

(7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation. The objection and any supplement must indicate whether the Class member and/or his/her attorney(s) intend to appear at the Final Approval Hearing.

11. All proceedings in this Litigation as they relate to claims against Defendant are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

12. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims. However, this injunction shall not apply to individual claims of anyone who timely excludes themselves from the Settlement in a manner that complies with Paragraph 7 above, or, relevant to the Virginia Opt In Class, did not timely submit a claim form. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

13. If the Settlement Agreement and/or this Order are voided per Section 8 of the Settlement Agreement:

    a. The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding.

    b. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

    c. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

    d. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

14. The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate. The Court preliminarily finds that: (a) the proposed Settlement Agreement resulted from arms-length negotiations; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of the Class Representative's and Settlement Class Members' claims; (c) Class Counsel represent that they have concluded that the Settlement Agreement is fair, reasonable, and adequate; and (d) the proposed Settlement Agreement appears to be in the best interest of the Class Representatives and Settlement Class Members.

15. The Order is not admissible as evidence for any purpose against the Class Representatives, Settlement Class Members or Defendant in any pending or future litigation. This Order shall not be construed or used as an admission, concession or declaration against the Class Representatives, Settlement Class Members, or Defendant with respect to the strengths or weakness of any claim or defense in the Litigation. The Parties' actions in this matter have been taken for settlement purposes only for the purpose of resolving the claims between the Class Representatives, Settlement Class Members, and Defendant in this Litigation.

36917668v.1

16. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

/s/ MSD
_____
Mark S. Davis
United States District Judge

Dated: February 14, 2017

_____
United States District Judge

36917668v.1